# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

KARLA K. ECCLES, )
)
        Plaintiff, )
)
v. ) Case No. 06-0165-CV-W-FJG
)
DEPARTMENT OF ELEMENTARY and )
SECONDARY EDUCATION for the STATE of )
MISSOURI, )
)
        Defendant. )

# ORDER

Currently pending before the Court is defendant's Motion to Dismiss (Doc. # 4) and defendant's Motion to Quash Plaintiff's Subpoena Duces Tecum (Doc. # 18).

## I. BACKGROUND

Defendant has moved to dismiss plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Plaintiff alleges in her Complaint that she wants the Court to "relieve the ongoing abuse I suffer at work due to racial discrimination." In her charge of Discrimination which she attached to the Complaint, plaintiff states that she believes she has been treated rudely due to the fact that she is white because a black custodial employee, Steve Davis, treated her rudely and made racially related remarks. Plaintiff states that Mr. Davis told her that the defendant needed to hire a white janitor and that white employees think they own the building. Plaintiff also alleges that Mr. Davis yelled at her in the presence of the principal, he withheld supplies that she needed and he also refused to empty the trash in her room. Plaintiff alleges that Mr. Davis does not treat black staff members the same way and that management knows of

the situation and has taken no action to remedy the problem.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

## III. DISCUSSION

Defendant moves to dismiss plaintiff's Complaint because the facts alleged do not amount to a violation of Title VII. Defendant argues that the failure to empty the trash and to bring supplies when needed does not amount to a violation of Title VII. In Palesch v. Missouri Comm. on Human Rights, 233 F.3d 560 (8th Cir. 2000), the Court stated:

2

> Hostile work environment harassment occurs when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys. Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)(citations omitted). To prevail on her hostile work environment claim, Palesch must present evidence that: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the existence of a causal nexus between the harassment and her protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action. The complained of conduct must have been severe or pervasive enough to create an objectively hostile work environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Id. at 566. The Court continued:

> [w]hile it appears that Palesch had personality conflicts with numerous co-workers, this is insufficient to satisfy the threshold level of evidence to go forward with her case. "Not all unpleasant conduct creates a hostile work environment. Rather the plaintiff must show that she was singled out because of her gender [or race], and that the conduct was severe and pervasive." Williams v. City of Kansas City, Missouri, 223 F.3d 749, 753 (8th Cir. 2000).

Id. at 567. Similarly, in Clark v. St. Louis Public Schools, No. 4:05CV1299SNL, 2006 WL 208600 (E.D.Mo. Jan. 25, 2006), the Court stated:

> Furthermore, [i]n order to be actionable, harassment must be both subjectively hostile or abusive to the victim and severe and pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive. . . .Anti-discrimination laws are not codes of civility in the workplace and [c]onduct that is merely rude, abrasive, unkind or insensitive does not come within the scope of the law.

Id. at *5 (internal citations and quotations omitted).

In the instant case, the Court finds that the conduct which plaintiff has complained of, is just that - rude, unkind and insensitive conduct. A reasonably objective person would not find these types of actions to be hostile or abusive.

3

Additionally, the Court finds that plaintiff has not alleged that the actions of Mr. Davis affected a term, condition or privilege of her employment.  Accordingly, because the Court finds that plaintiff has failed to state a claim for hostile work environment, the Court hereby **GRANTS** Defendant's Motion to Dismiss (Doc. # 4).  The Court hereby **DENIES** all other motions as **MOOT**.


Date: September 26, 2006                        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                                       United States District Judge